# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 17-00017-02-CR-W-BP ) |
| KIMBERLY ANN PIERSON, | ) ) |
| Defendant. | ) |

## SENTENCING MEMORANDUM: MOTION AND SUGGESTIONS IN MITIGATION OF SENTENCE

COMES NOW the defendant, Kimberly Pierson, by and through counsel, Robert Kuchar, in accordance with Rule 32, Fed. R. Crim. P., and hereby requests the Court to consider a sentence of 24 months. In support, Ms. Pierson offers the following:

## BRIEF HISTORY

Ms. Pierson entered a plea of guilty to one count of possession with intent to distribute 50 grams or more of methamphetamine. As Ms. Pierson is safety valve eligible, she is not subject to a mandatory minimum and the statutory maximum sentence is 40 years. Notwithstanding two objections to the PSI, according to the U.S. Probation Office, Ms. Pierson's guideline range is 121 to 151 months. If the objections to the PSI are sustained, the guideline range would be 70 to 87 months. Ms. Pierson requests this Court to consider a sentence of 30 months.

**SUGGESTIONS SUPPORTING NON-GUIDELINE SENTENCE**

The advisory sentencing guidelines are a factor for the Court to consider but a district court may not begin with the presumption that those guidelines are reasonable. United States v. Alvizo-Trujillo, 521 F.3d 1015, 1018-1019 (8th Cir.2008)(citing United States v. Gall, 128 S.Ct. 586, 596-597 (2007) and United States v. Rita, 127 S.Ct. 2456 (2007)). In this case, a number of mitigating factors would warrant a sentence below the sentencing guideline range.

In imposing any sentence 18 U.S.C. § 3553 generally directs that the Court shall impose a sentence sufficient, but not greater than necessary. Among the factors for the Court to consider are the nature and circumstances of the offense, the history and characteristics of the defendant, the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford an adequate deterrence to criminal conduct, and to protect the public from further crimes of the defendant. (See 18 U.S.C. § 3553(a)). An analysis of these factors demonstrates that a sentence of 24 months for count I is appropriate in this case.

**The nature and circumstances of the offense and the history and characteristics of the defendant**

    A.    **Kimberly Pierson**

Ms. Pierson is a 50-year-old women. Ms. Pierson has never been convicted of a crime.

Ms. Pierson maintained steady employment throughout her adult life. Ms Pierson's employment history includes 23 years as a laboratory assistant. Ms.

Pierson has one child with whom she has maintained a positive relationship over the years.

Ms. Pierson's life took a very negative turn after she met, and later married, Brian Snelling, a co–defendant in this matter. Mr. Snelling was physically and mentally abusive towards Ms. Pierson. The abuse resulted in Ms. Pierson having to reside in Rose Brooks shelter, (a women's domestic violence shelter). While Ms. Pierson does not seek to excuse her actions in this case, she would ask the Court consider the ongoing and constant nature of the domestic abuse at the hands of her co–defendant, as a mitigating factor.

Ms. Pierson has been in custody at Core Civic since July 21, 2017. While in custody, Ms. Pierson has earned twenty-nine certificates for successfully attending various classes. (Attachment A) Over half of the classes Ms. Pierson completed are faith based. All of the certificates earned by Ms. Pierson are confirmation of her genuine remorse and effort towards rehabilitation. Also support letters are attached to this filing. (Attachment B)

### B. The Offense

Ms. Pierson believes that the facts of this case, taken along with her mitigating factors, should result in a sentence of 24 months.

The facts are not largely in dispute. Ms. Pierson accepts full responsibility for her actions.

3

**Reflect the seriousness of the offense; to promote respect for the law, and to provide a just punishment for the offense, to protect the public from further crimes of defendant**

A sentence of 24 months would reflect the seriousness of the offense and promote respect for the law.

**Ms. Pierson is not a risk to reoffend**

A guideline sentence is not necessary to protect the public from further crimes of Ms. Pierson. A sentence of 24 months is sufficient punishment in this case.

**Deterrence**

The empirical evidence is unanimous that there is no relationship between sentence length and general or specific deterrence, regardless of the type of crime. *See* Andrew von Hirsch *et al.*, *Criminal Deterrence and Sentence Severity: An Analysis of Recent Research* (1999) (concluding that "correlations between sentence severity and crime rates . . . were not sufficient to achieve statistical significance," and that "the studies reviewed do not provide a basis for inferring that increasing the severity of sentences generally is capable of enhancing deterrent effects"); Michael Tonry, *Purposes and Functions of Sentencing*, 34 Crime and Justice: A Review of Research 28-29 (2006) ("[I]ncreases in severity of punishments do not yield significant (if any) marginal deterrent effects. . . . Three National Academy of Science panels, all appointed by Republican presidents, reached that conclusion, as has every major survey of the evidence."); David Weisburd *et al.*, *Specific Deterrence*

*in a Sample of Offenders Convicted of White-Collar Crimes*, 33 Criminology 587 (1995) (finding no difference in deterrence for white collar offenders between probation and imprisonment); Donald P. Green & Daniel Winik, *Using Random Judge Assignments to Estimate the Effects of Incarceration and Probation on Recidivism among Drug Offenders*, 48 Criminology 357 (2010) (study of over a thousand offenders whose sentences varied substantially in prison time and probation found that such variations "have no detectable effect on rates of re-arrest," and that "[t]hose assigned by chance to receive prison time and their counterparts who received no prison time were re-arrested at similar rates over a four-year time frame"). Because drug offenses are driven by user demand, drug crime is not prevented by incarceration of low-skill drug traffickers, who are readily replaced in the drug market. *See* USSC, *Cocaine and Federal Sentencing Policy 68* (1995) (DEA and FBI reported dealers were immediately replaced).

### **Unwarranted Sentencing Disparity**

A sentence of 24 months would not create an unwarranted disparity.

## CONCLUSION

For the above stated reasons, Ms. Pierson requests a sentence of 24 months imprisonment.

Respectfully submitted,

*/s/ Robert Kuchar*
Robert Kuchar
Assistant Federal Public Defender
818 Grand, Suite 300
Kansas City, MO 64106
(816) 471-8282
ATTORNEY FOR DEFENDANT

## CERTIFICATE OF SERVICE

In accordance with Rule 49(a), (b) and (d), Fed. R. Crim. P., and Rule 5(b), Fed. R. Civ. P., it is hereby CERTIFIED that one copy of the foregoing motion was electronically delivered to Alison Dunning, Assistant U.S. Attorney, Western District of Missouri, 400 E. 9th Street, Kansas City, Missouri, 64106, on this 21st day of November, 2018.

*/s/ Robert Kuchar*
Robert Kuchar