IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 17-00017-02-CR-W-BP |
| KIMBERLY ANN PIERSON, | |
| Defendant. | |

**GOVERNMENT'S SENTENCING MEMORANDUM**

The United States of America, by and through Assistant United States Attorney Alison D. Dunning, in anticipation of sentencing currently scheduled for November 30, 2018, respectfully provides the Court with the Government's sentencing recommendation. As more fully explained below, the Government recommends a sentence of 87 months' imprisonment followed by four years of supervised release. Additionally, the Government requests the Court order immediate payment of the $100 mandatory special assessment.

A. *Procedural History*

On January 12, 2017, a federal grand jury for the Western District of Missouri returned a nineteen-count indictment that charged the defendant in Count One with conspiracy to distribute 500 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 846; in Counts Three and Ten with aiding and abetting in the distribution of 5 grams or more of methamphetamine (actual), in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B), and 18 U.S.C. § 2; in Count Four and Nine with aiding and abetting in the distribution of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C), and 18 U.S.C. § 2; in Count Five with aiding and abetting in the distribution of 50 grams or more of methamphetamine (actual), in violation of

21 U.S.C. § 841(a)(1) and (b)(1)(A), and 18 U.S.C. § 2; in Counts Six, Seven and Twelve with aiding and abetting in the distribution of 50 grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B), and 18 U.S.C. § 2; and in Count Eleven with distribution of 50 grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B).

On July 12, 2018, the defendant pled guilty to the lesser-included offense of Count One, that is, conspiracy to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B) and 846 pursuant to a plea agreement. The Government agreed to dismiss the remaining counts at sentencing.

*B.    Sentencing Guidelines Calculations*

Consistent with the plea agreement of the parties, the base offense level as reflected in the final Presentence Investigation Report (PSR) is 32. (¶ 37.)[1] The PSR applied a two-level enhancement under § 2D1.1(b)(12) for maintaining a premises for the purpose of manufacturing or distributing a controlled substance. (¶ 38.) The defendant has objected to the application of this enhancement. (*See* Second Addendum.) Application Note 17 to § 2D1.1 states in full:

> "Subsection (b)(12) applies to a defendant who knowingly maintains a premises (*i.e.,* a building, room, or enclosure) for the purpose of manufacturing or distributing a controlled substance, including storage of a controlled substance for the purpose of distribution.
>
> Among the factors the court should consider in determining whether the defendant 'maintained' the premises are (A) whether the defendant held a possessory interest in (*e.g.,* owned or rented) the premises and (B) the extent to which the defendant controlled access to, or activities at, the premises.
>
> Manufacturing or distributing a controlled substance need not be the sole purpose for which the premises was maintained, but must be one of the defendant's primary or principal uses for the premises, rather than one of the defendant's incidental or collateral uses for the premises. In making this determination, the court should consider how frequently the premises was used by the defendant for manufacturing

---

[1] All references are to the PSR unless otherwise noted.

or distributing a controlled substance and how frequently the premises was used by the defendant for lawful purposes."

It is clear that the defendant held a possessory interest in the apartment she lived in and that she controlled access to, or activities at, the premises. The defendant identified the apartment as her residence. (¶ 19; Second Addendum.) As noted by the Probation Officer in her response to the defendant's objection, an undercover officer (UC) bought methamphetamine from the defendant at her apartment—at her direction—on multiple occasions between April 29, 2014 and June 24, 2014. (¶¶ 19, 20, 28, 29.) On one occasion, the UC observed the defendant's source, Lisa Nagy, weighing suspected methamphetamine inside the defendant's apartment. (¶ 29.) In addition to the transactions that took place inside the apartment, the defendant conducted a transaction in the parking lot of the apartment building (¶ 27), and the defendant had the UC pick her up at the apartment to give her rides to transactions taking place at other locations. (¶¶ 21, 24, 30.) While not the sole purpose of the residence, this court should find that drug distribution was a primary or principal use of the residence by the defendant.

The PSR did not apply a reduction for acceptance under § 3E1.1. (¶¶ 35, 45.) However, consistent with the plea agreement of the parties, the Government recommends that the court apply a three-level reduction for acceptance. The Government agrees that the defendant is entitled to a two-level reduction under § 2D1.1(b)(17).

In light of the above, the Government believes the total offense level should be 29 resulting in an advisory Guideline range of 87 to 108 months.

C.  *Sentencing Factors Under 18 U.S.C. § 3553(a)*

Under federal law, in determining an appropriate sentence, the Court shall consider, amongst other factors, the nature and circumstances of the offense and the history and

3

characteristics of the defendant. 18 U.S.C. § 3553(a)(1). The Court shall further consider the need for the sentence imposed to: reflect the seriousness of the offense; promote respect for the law; provide just punishment for the offense; afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care or other correctional treatment in the most effective manner. 18 U.S.C. § 3553(a)(2)(A)-(D).

To properly sentence the defendant, the Court must deduce a "reasonable" sentence which is presumed, but not required to be, within the advisory Sentencing Guidelines, and takes into account the sentencing factors described in 18 U.S.C. § 3553(a). *United States v. Farmer*, 647 F.3d 1175, 1178-79 (8th Cir. 2011). In this case, the factors listed in 18 U.S.C. § 3553(a) as to this defendant can be summarized as follows:

### 1. *Nature and Circumstances of the Offense*.

The nature and circumstances of the offense are summarized in the "Offense Conduct" section of the PSR (¶¶ 4-32.) The Government adopts the facts and conclusions therein as the basis for the recommended sentence herein. There are no objections to these paragraphs.

A sentence of 87 months' imprisonment is appropriate in light of the nature and circumstances of the offense.

### 2. *History and Characteristics of the Defendant*.

While the defendant has no prior criminal convictions (¶¶ 48-51), the defendant has a pending felony drug possession case in Jackson County, Missouri Circuit Court. (¶ 53.) The conduct forming the basis for this pending charge occurred on March 25, 2016—well after the undercover sales charged in the present case. (¶¶ 31, 53.)

4

The PSR also includes information regarding the defendant's personal and family data; physical condition; mental and emotional health; substance abuse; educational, vocational and special skills; employment record and financial condition. (¶¶ 55-77.) In her sentencing memorandum, the defendant stressed her age, her prior employment history, her positive family relationships, her participation in programming while incarcerated, her faith and her remorse. (Doc. 173.)

Of concern is the defendant's denial in the PSR that she ever intentionally used methamphetamine and her claim that she only used methamphetamine once (by accident) despite evidence indicating otherwise. (¶ 66.) At any rate, it appears that drug addiction was not a primary factor motivating the defendant to sell methamphetamine.

On balance, a sentence of 87 months' imprisonment is appropriate considering the defendant's history and characteristics.

### 3. *Seriousness of the Offense / Promote Respect for the Law / Just Punishment*.

A sentence of 87 months' imprisonment reflects the seriousness of the offense, will promote respect for the law, and will provide just punishment for the offense.

### 4. *Deterrence and Protection of the Public*.

A sentence of 87 months' imprisonment ensures that the public is protected from the defendant.

### 5. *Effectively Provide Defendant With an Opportunity to Rehabilitate*.

A sentence of 87 months' imprisonment will provide this defendant an opportunity to rehabilitate herself.

D.  *The Government's Sentencing Recommendation*

Based on all of the above factors, the Government recommends a sentence of 87 months' imprisonment followed by four years of supervised release. This recommendation will address the sentencing factors set forth in 18 U.S.C. § 3553(a).

> Respectfully submitted,
>
> Timothy A. Garrison
> United States Attorney
>
> By */s/Alison D. Dunning*
>
> Alison D. Dunning
> Assistant United States Attorney
> Narcotics & Violent Crimes Unit
> Charles Evans Whittaker Courthouse
> 400 East Ninth Street, Suite 5510
> Kansas City, Missouri 64106
> Telephone: (816) 426-3122

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing was delivered on November 28, 2018, to the CM-ECF system of the United States District Court for the Western District of Missouri for electronic delivery to all counsel of record.

> */s/Alison D. Dunning*
> Alison D. Dunning
> Assistant United States Attorney